IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 05-51264 |
| CARROL WALL WALKER, f/d/b/a ) | Chapter 7 |
| Carrol Walker & Company, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| SUDHIR HASALIA and PHETH K. ) | Adversary Proceeding |
| THADAVONG, ) | No. _____ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CARROL WALL WALKER, d/b/a ) | |
| Carrol Walker & Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

### JURISDICTION

     1.    This adversary proceeding is brought pursuant to 11 U.S.C. Sec. 523(a)(2) and (4) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

     2.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sec. 1334. This adversary proceeding arises under Chapter 7, Title 11, U.S. Code, and constitutes a "core" proceeding as defined by 28 U.S.C. Sec. 157. In the event the Court should determine that this is not a core matter, plaintiff consents to the resolution of the matters herein by the U.S. Bankruptcy Court. The case name, number, district, and division where the case is pending are set forth in the above caption.

     3.    Carrol Wall Walker, d/b/a Carrol Walker Company ("Defendant"), filed this Chapter 7 proceeding on July 14, 2005.

### PARTIES

     4.    Plaintiff Hasalia is a resident of Union County, North Carolina.

    5.    Plaintiff Thadavong is a resident of Gaston County, North Carolina.

    6.    The Defendant is a resident of Caldwell County, North Carolina.

## FACTS

    7.    The deadline for filing complaints under 11 U.S.C. Sec. 523 expires October 14, 2005.

    8.    At all times relevant to this proceeding, Defendant was a business broker. Defendant offered her services to Plaintiffs to help them purchase a business in Mecklenburg County or its neighboring areas.

    9.    On or about February 2000, Plaintiffs and Defendant entered into a contract whereby Plaintiffs sought to purchase a business from a third-party seller, Royal Foods, Inc. ("Seller").  A copy of this contract is attached hereto as Exhibit A and made a part hereof.

    10.    Pursuant to the terms of the contract, Plaintiffs paid a total of $35,000.00 earnest money to Defendant.  The contract specifically provided that this earnest money was to be returned to Plaintiffs in the event a "lending institution (could not) provide (a) loan" or if the profit and loss figures were not as originally reported.

    11.    The contract was contingent upon Plaintiffs' approval of the lease agreement for the building in which the business was situated.  The Seller provided a short term lease that was not satisfactory to Plaintiffs' lender.

    12.    As a result of the foregoing, the Plaintiffs were unable to obtain financing before the contract's April 15, 2000, loan commitment date.   Plaintiffs' lender would not offer financing without a long-term lease in place for the building in which the business was situated.

    13.    The fact that Plaintiffs' lender would not offer financing without a long-term lease was known to all parties shortly after entering into the contract.   The lack of financing was brought to Defendant's attention, and Plaintiffs requested a return of their $35,000.00 earnest money, as was their right.

    14.    The Defendant refused to return Plaintiffs' earnest money, and Plaintiffs subsequently filed suit in the Superior Court of Mecklenburg County, North Carolina, to recover same.  On June 6, 2005, a Mecklenburg County jury awarded Plaintiffs the sum of $60,000.00 and costs.  A copy of this Judgment is attached hereto as Exhibit B and is made a part hereof.

## COUNT I
(11 U.S.C. Sec. 523(a)(2))

    15.    Paragraphs 1 through 14 above are incorporated herein by reference and made a part hereof.

16. The following acts by the Defendant constitute false pretenses, false representations, and actual fraud to Plaintiffs:

    a. Representing that she would abide by the contract, but not abiding by the contract.
    b. Agreeing to hold Plaintiffs' money in escrow, but refusing to return the escrowed funds when the contract conditions were not met.
    c. Such other acts now known or which may be determined through discovery.

17. The foregoing acts constitute false representations of material facts and promises of future actions, which were reasonably calculated to deceive, were made with intent to deceive, were relied on by Plaintiffs, and resulted in damage to Plaintiffs.

18. The Judgment of $60,000.00 plus costs is non-dischargeable pursuant to 11 U.S.C. Sec. 523(a)(2).

## COUNT II
(11 U.S.C. Sec. 523(a)(4))

19. Paragraphs 1 through 18 above are incorporated herein by reference and made a part hereof.

20. Pursuant to the contract, Defendant owed a fiduciary duty to Plaintiffs.

21. The following acts by the Defendant constitute fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny against Plaintiffs:

    a. Refusing to return to Plaintiffs monies held in escrow after it was known that the contract conditions could not be met by Seller.
    b. Refusing to return to Plaintiffs monies held in escrow after demand for their return was made by the Plaintiffs.
    c. Refusing to abide by the escrow terms of the contract.
    d. Upon information and belief, wrongfully converting the escrowed funds to her own use.
    e. Such other acts now known or which may be determined through discovery.

22. The foregoing acts by the Defendant were willful, oppressive, wanton, and malicious.

23. The Judgment of $60,000.00 plus costs is non-dischargeable pursuant to 11 U.S.C. Sec. 523(a)(4).

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

     1.     That the Court determine the Judgment rendered by the Superior Court of Mecklenburg County, North Carolina, not to be dischargeable.

     2.     That Plaintiffs recover all costs and allowable attorney's fees.

     3.     That Plaintiffs have such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 14th day of October 2005.

                                        /S/ J. Samuel Gorham, III
                                        J. Samuel Gorham, III
                                        NC Bar No. 1692
                                        Attorney for Plaintiffs
                                        Gorham, Crone, Mace, Green & Cody, LLP
                                        P.O. Box 2507
                                        Hickory, NC 28603
                                        (828) 322-5505